CARBONE ET AL., APPELLANTS, *v.* OVERFIELD ET AL., APPELLEES.

[Cite as Carbone *v.* Overfield (1983), 6 Ohio St. 3d 212.]

(No. 82-1260—Decided August 10, 1983.)

*Guerin Avery & Associates* and *Mr. Guerin L. Avery,* for appellants.

*Messrs. Squire, Sanders & Dempsey, Mr. Robin G. Weaver* and *Ms. Kathryn L. Roseen,* for appellees.

CLIFFORD F. BROWN, J. The question presented in this case is whether the defense of sovereign immunity is available to a board of education in an action seeking damages for injuries allegedly caused by the negligence of the board's employees. Appellant argues that the board of education is not protected under the doctrine of governmental immunity. We agree.

In *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, 32-33, this court held that "* * * immunity from tort liability heretofore judicially conferred upon local governmental units is hereby abrogated." *Enghauser* is merely an extension of the recent pronouncements by this court in which the doctrine of sovereign immunity was set aside in specific areas. See, *e.g., Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26; *Strohofer* v. *Cincinnati* (1983), 6 Ohio St. 3d 118; *Dickerhoof* v. *Canton* (1983), 6 Ohio St. 3d 128.

We see no reason to retreat from this position today. The elimination of governmental immunity to all public bodies within the state is consistent with accepted tort principles and the reasonable expectations of the citizenry with respect to its government. Accordingly, in keeping with our prior expressions on the subject, *e.g., Haverlack, supra; Enghauser, supra; Strohofer, supra; Dickerhoof, supra,* boards of education are now liable for tortious acts in the same manner as private individuals.

In reaching this conclusion we have considered the two frequently ad-

vanced justifications for the retention of the doctrine of sovereign immunity,[1] but find them inapplicable in an action dealing with a board of education. First, the General Assembly has granted boards of education the authority to purchase liability insurance in order to protect themselves. See R.C. 3313.203. Second, the notion that it is more desirable for an individual injured by the negligence of employees or agents of a local governmental entity to bear the loss than to have the governmental unit "inconvenienced" represents an archaic public policy which we hereby repudiate. Personal injuries from the negligence of those into whose care they are entrusted is not a risk that school children should, as a matter of public policy, be required to bear in return for the benefit of public education.

We therefore hold that the defense of sovereign immunity is not available to a board of education in an action seeking damages for injuries allegedly caused by the negligence of the board's employees. Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., SWEENEY and J. P. CELEBREZZE, JJ., concur.

W. BROWN, J., concurs in judgment only.

LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. I dissent from this opinion based upon my commentary in other recent opinions of this court which judicially abolish sovereign immunity. See *King* v. *Williams* (1983), 5 Ohio St. 3d 137, 141; *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, 37-38; *Strohofer* v. *Cincinnati* (1983), 6 Ohio St. 3d 118, 126; *Dickerhoof* v. *Canton* (1983), 6 Ohio St. 3d 128, 131.

Additionally, here, I must emphatically dissent, in that boards of education have had no statutory authority to purchase liability insurance to insure themselves as corporate bodies against tort liability. R.C. 3313.203(A) only allows a board of education to purchase liability insurance for individuals acting in their official capacities as members of the board or employees of the board.

Also, the Ohio Attorney General has opined that "in the absence of [specific] statutory authority, a board of education has no power to purchase insurance for a liability arising out of risks other than certain ones pertaining

---

[1] In *Russell* v. *Men of Devon* (1788), 100 Eng. Rep. 359, 362, the doctrine of sovereign immunity was supported on the grounds that (1) there was no fund from which the judgment could be paid and (2) "* * * it is better that an individual should sustain an injury than that the public should suffer an inconvenience."

to the operation of motor vehicles" for which there is specific statutory authorization. 1971 Ohio Atty. Gen. Ops. No. 71-028, at 2-89.

Accordingly, at the very least, this court, in its extension of its policy of abrogation of the doctrine of sovereign immunity to school boards, should do so prospectively only, as should be the application of such abolition in the instance of all governmental entities.

Consequently, I would affirm the judgment of the court of appeals.

LOCHER, J., concurs in the foregoing dissenting opinion.