ZISS, APPELLANT, *v.* CUYAHOGA COUNTY COMMUNITY COLLEGE DISTRICT, APPELLEE.

(No. 46512—Decided December 5, 1983.)

*Mr. Seymour Gross,* for appellant.
*Mr. Alexander M. Andrews,* for appellee.

PATTON, C.J. Plaintiff-appellant, Ruth Ziss, appeals from an order of the Court of Common Pleas of Cuyahoga County granting summary judgment in favor of defendant-appellee, Cuyahoga County Community College District ("Tri-C").

Appellant, a student at Tri-C, filed suit against appellee, alleging that on February 18, 1982 at 6:45 p.m., while walking to the campus library, she was confronted by an armed assailant, and robbed and beaten. Appellant alleged further that appellee negligently failed to maintain adequate security for the protection of its students, the proximate result of which she suffered certain physical injuries and other damages. Appellee answered and raised various affirmative defenses.

Thereafter, appellee moved for summary judgment on the ground of sovereign immunity. Appellee's motion was granted by the trial court.

Appellant appeals and assigns the following errors for our review:

"I. The trial court was in error in granting the defendant-appellee's motion for summary judgment for the reason that the defense of sovereign immunity does not apply to a community college district.

"II. The trial court was in error in granting the defendant-appellee's motion for summary judgment for the reasons that the defense of sovereign immunity does not apply to a political subdivision of the state in exercising a proprietary function."

The question presented for our review is whether the defense of sovereign immunity is available to a community college district in an action seeking damages for injuries allegedly caused by the college's negligence. For the reasons set forth below, we find the defense to be no longer available, and we therefore reverse the judgment of the trial court.

A "community college district" is statutorily defined, in part, as a "political subdivision of the state" (R.C. 3354.01[A]). Heretofore, sovereign immunity was available to an institution of higher learning as a defense to tort liability, at least for negligence while performing governmental functions, since, it was held, such an institution partook of the state's immunity. See *Wolf* v. *Ohio State University Hospital* (1959), 170 Ohio St. 49 [9 O.O.2d 416].

However, recent decisions by the Ohio Supreme Court in which the doctrine of sovereign immunity was abrogated in certain areas lead us to conclude that an institution of higher education should no

longer be able to avail itself of this defense.

In *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26; *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31; and *Strohofer* v. *Cincinnati* (1983), 6 Ohio St. 3d 118, the court held that the defense of sovereign immunity is not available to a municipal corporation in an action for damages alleged to be caused by the tortious conduct of the municipality. The court in *Enghauser, supra,* at 34-35, stated:

"It would indeed be a sad commentary on our concept of justice if this court continued to endorse the belief that an individual should sustain an injury rather than the municipality be inconvenienced.

"* * *

"* * * If municipalities are to expose the people and their property to negligent acts, then they must expect to respond to suit. Municipal corporations in Ohio should no longer receive protection from a doctrine whose only claim to judicial integrity is that it is ancient."

In *Carbone* v. *Overfield* (1983), 6 Ohio St. 3d 212, 213, the court extended its reasoning in the previous cases to deny the defense of sovereign immunity to a board of education in a negligence action, stating:

"* * * The elimination of governmental immunity to all public bodies within the state is consistent with accepted tort principles and the reasonable expectations of the citizenry with respect to its government. Accordingly, in keeping with our prior expressions on the subject, *e.g., Haverlack, supra; Enghauser, supra; Strohofer, supra: Dickerhoof* [v. *Canton* (1983), 6 Ohio St. 3d 128], *supra,* boards of education are now liable for tortious acts in the same manner as private individuals."

The court in *Carbone* supported its holding first by observing that boards of education are statutorily authorized to purchase liability insurance to protect themselves, R.C. 3313.203, and second by repudiating as archaic public policy the notion that an individual should suffer an injury rather than a governmental entity be inconvenienced. *Id.* at 214.

That reasoning applies with equal force and logic to the case *sub judice.* R.C. 3354.09(M)(3) permits the board of trustees of a community college district to purchase liability insurance. The "inconvenience" rationale has been rejected as contrary to public policy. Further, we see no real difference between a community college district and a board of education which would permit us logically to retain the defense of sovereign immunity only in favor of the former, especially in view of *Carbone's* holding that this defense is eliminated as to all public bodies. Accordingly, appellant's first assignment of error is well-taken.

Our finding that sovereign immunity is no longer available to a community college district as a defense to a tort action makes it unnecessary for us to address appellant's second assignment of error.

The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

JACKSON and PRYATEL, JJ., concur.