ADAMS ET AL. *v.* PEOPLES, APPELLEE;
CITY OF WILLOUGHBY, APPELLANT, ET AL.
PEOPLES ET AL., APPELLEES, *v.*
BAKÉR ET AL.; CITY OF WILLOUGHBY, APPELLANT.

[Cite as Adams *v.* Peoples (1985), 18 Ohio St. 3d 140.]

(Nos. 84-917 and 84-919—Decided July 10, 1985.)

*Cannon, Stern, Aveni & Krivok Co., L.P.A.,* and *James N. Krivok,* for appellees.

*Dworken & Bernstein Co., L.P.A.,* and *Andrew P. Buckner,* for appellant.

CLIFFORD F. BROWN, J. "In the absence of a statute providing immunity, the defense of sovereign immunity is not available to a municipal corporation * * *." *Strohofer* v. *Cincinnati* (1983), 6 Ohio St. 3d 118, syllabus. See, also, *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26; *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31; and *Longfellow* v. *Newark* (1985), 18 Ohio St. 3d 144. In the present case the court is called upon to interpret the immunity provided a municipal corporation by R.C. 701.02. This is not the first case in which this court has been presented with this question since the abrogation of municipal sovereign immunity in *Haverlack, supra. King* v. *Williams* (1983), 5 Ohio St. 3d 137, provides in paragraph three of the syllabus that: "A municipal corporation and its individual employee, acting within the scope of R.C. 701.02, are immune from liability for *negligence* in the performance or non-performance of their acts. * * *" (Emphasis added.)

The issue in the present case is somewhat different than that presented in *King.* Appellees allege that the conduct of the appellant's employee, Police Officer Baker, which caused the injuries of the appellees, was willful and/or wanton. R.C. 701.02 states in pertinent part:

"The defense that the officer, agent, or servant of the municipal corporation was engaged in performing a governmental function, shall be a full defense as to the *negligence* of:

"(A) Members of the police department engaged in the operation of a motor vehicle while responding to an emergency call." (Emphasis added.)

The statutory provision of immunity for a municipality pursuant to R.C. 701.02 relates only to negligent actions. Therefore, a city may be held liable for any tortious conduct of its police officers which is found to be willful and/or wanton. This liability of the city of Willoughby exists even though the police officer may not be personally liable pursuant to the last paragraph of R.C. 701.02, which provides: "Policemen shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle while responding to an emergency call."

Also by reason of this last paragraph of R.C. 701.02, the court of appeals correctly decided that Baker was not personally liable either for his negligent acts or for his willful or wanton acts causing injury or property loss while responding to an emergency call.

Appellant argues that it cannot be held liable for the tortious conduct of its employee under the doctrine of *respondeat superior* when such employee is immune from the suit. Such argument is rejected by this court and by a majority of jurisdictions which have addressed the issue.[1] This ex-

---

[1] See Annotation (1965), 1 A.L.R. 3d 677, 689-699, and the cases cited therein for discussion of the impact of an immunity between parties in a suit against the employer.

act issue is addressed in the Restatement of the Law 2d, Agency (1958) 468-469, Section 217:

"In an action against a principal based on the conduct of a servant in the course of employment:

"(a)   * * *

"(b)   The principal has no defense because of the fact that:

"* * *

"(ii)   the agent had an immunity from civil liability as to the act."

The language of R.C. 701.02 is clear. The court of appeals correctly concluded that the city is extended immunity in cases involving motor vehicle accidents in which police officers are responding to emergency calls, but only as to the negligent acts of the officers. The appellees have alleged that the actions of Officer Baker were willful and/or wanton in light of the conditions surrounding the accident. Therefore, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY and DOUGLAS, JJ., concur.

LOCHER, HOLMES and WRIGHT, JJ., dissent.

LOCHER, J., dissenting. I concur in Justice Holmes' dissenting opinion and also dissent for the reasons stated in my dissenting opinion in *Longfellow* v. *Newark* (1985), 18 Ohio St. 3d 144, 146.

WRIGHT, J., concurs in the foregoing dissenting opinion.

HOLMES, J., dissenting. In my dissenting opinion in *Longfellow* v. *Newark* (1985), 18 Ohio St. 3d 144, 146, I proposed that this court adopt the approach that the United States Supreme Court has taken to determine the extent of municipal liability in actions brought pursuant to Section 1983, Title 42, U.S. Code. Under such approach, a city of this state would only be liable for the execution of a governmental policy or custom which ultimately causes harm to another. Additionally, and more specifically for the purposes of this appeal, a municipality could not be held liable under a *respondeat superior* theory merely because it employs a tortfeasor. *Longfellow, supra,* at 146 (dissenting opinion); *Monell* v. *Dept. of Social Services of New York City* (1978), 436 U.S. 658, 693-694; *Owen* v. *Independence* (1980), 445 U.S. 622.

The majority herein concedes that Officer Baker is not liable for any of his actions as he is afforded complete immunity under R.C. 701.02. However, the majority then permits a cause of action against his employer, the city of Willoughby.

In addition to the Supreme Court's pronouncement, this court has long recognized that an employer will be exonerated from any potential

144

vicarious liability when its employee is found not to be at fault. *Losito* v. *Kruse* (1940), 136 Ohio St. 183 [16 O.O. 185]; *State, ex rel. Flagg*, v. *Bedford* (1966), 7 Ohio St. 2d 45 [36 O.O.2d 41]. Under the doctrine of *respondeat superior*, an employer is not liable where there is a lack of evidence that it caused the injury in question and a judgment in favor of its employee has been rendered. *Moncol* v. *Bd. of Edn.* (1978), 55 Ohio St. 2d 72 [9 O.O.3d 75], syllabus. Therefore, under the facts presented, it should follow that if Officer Baker has been dismissed from suit then there lacks any basis upon which to hold the municipality vicariously liable.

However, with no legal justification, the majority adopts Section 217(b)(ii) of the Restatement of the Law 2d, Agency (1958) 468-469, in support of its decision herein. The reader is given no foundation for the adoption of the Restatement view except a citation to an annotation contained in 1 A.L.R. 3d 677 (1965). It is interesting to note that this annotation is entitled "Liability of Employer for Injury to Wife or Child of Employee Through Latter's Negligence." I, for one, am not sure what this annotation has to do with extending municipal liability to include the alleged willful or wanton acts of police officers in responding to emergency calls. I believe the extension is extremely ill-conceived.

Based on the Supreme Court's interpretation concerning municipal liability under Section 1983 and this state's common law, it is my view that appellees' complaint does not state a cause of action against the city of Willoughby. Accordingly, I dissent.

LOCHER and WRIGHT, JJ., concur in the foregoing dissenting opinion.