Anomi R. URSETH, Plaintiff,

v.

CITY OF DAYTON, et al., Defendants.

No. C-3-84-103.

United States District Court,
S.D. Ohio, W.D.

Aug. 18, 1986.

which are very much within the ambit and

Irving Saul, Dayton, Ohio, E. John Wist, A. Melvin Kemmer, Tipp City, Ohio, for plaintiff.

Neil F. Freund, Jane M. Lynch, Dayton, Ohio, for defendants.

ENTRY DETERMINING APPLICABILITY OF OHIO REVISED CODE SECTION 2744.01 *ET SEQ.* TO THE INSTANT ACTION

RICE, District Judge.

This Court has already set forth in open Court, in its ruling denying Defendant City of Dayton's Motion for Directed Verdict, its conclusions as to the applicability of Ohio Revised Code Section 2744.01, *et seq.,* upon the instant action. This entry merely serves to journalize, for the convenience of counsel, the reasoning of the Court, which has already been set forth on the record.

Ohio Revised Code Section 2744.01, *et seq.,* effective November 20, 1985, provides that political subdivisions of the state of Ohio are, in certain circumstances, to be immune from civil liability in damages for injury, death, or loss to persons or property. Insofar as the statute might be relevant to the instant case, Section 2744.-

reach of the local news media.

01(C)(2)(a) provides that the provision of police services by a political subdivision is a "governmental function." Section 2744.-02(A)(1) provides that, with certain exceptions not relevant herein, a political subdivision is *not* liable in damages in a civil action for death allegedly caused by the act or omission of an employee of a political subdivision engaged in a "governmental function." In other words, putting aside for a moment the question of this legislation's retroactivity, Ohio Rev. Code § 2744.-02 clothes municipalities with immunity from liability for damages for injury, death or loss arising in connection with the provision of certain municipal services, including police protection.

Not all suits for damages against a political subdivision are barred by Section 2744.-02. However, again putting aside the issue of this legislation's retroactivity, Section 2744.05 limits the damages which can be recovered against a municipality in connection with a legally permissible (non-barred) civil action for damages, for injury, death or loss (one not barred by Section 2744.02). Section 2744.05(A) prohibits the award of punitive damages against a political subdivision for injury, death or loss to persons or property. The compensatory damages which may be recovered from a municipality are limited by Section 2744.05(C)(1) to the extent that such damages do not represent "actual loss" to a plaintiff, as defined in Section 2744.05(C)(2). Wrongful death actions brought under Ohio law are specifically exempted from the scope of this limit on compensatory damages. Finally, Section 2744.05(B) provides that awards of damages which are recovered against municipalities are to be reduced by the amount of benefits received by a plaintiff from "collateral sources" such as life insurance.

As the foregoing paragraphs make clear, the important question which remains is the extent to which the above-discussed statutes are to be applied retroactively. The retroactivity of these positions was originally governed by Section 5 of the Amended Substitute House Bill No. 176 of the 116th General Assembly. The retroactivity provisions of Section 5 were in turn amended by Substitute Senate Bill No. 297, which became effective on April 30, 1986. It is to the amended Section 5, then, that this Court must look in determining the retroactivity of the immunity and damages provisions of this new legislation.

Section 5(C) now provides that the immunity from civil suit for damages in connection with the provision of certain municipal services, including police protection, provided to political subdivisions by Section 2744.02 is applicable only to causes of action for injury, death, or loss to persons or property that arose on or after November 20, 1985. As the instant case arose on October 7, 1983, Section 2744.02 is not applicable to this case, and therefore Defendant City of Dayton is not statutorily immune from liability in damages herein.

Section 5(B) provides that the *damages provisions* of Section 2744.05 are retroactive in cases (1) which arose prior to November 20, 1985, (2) that are not time barred and (3) in which a trial had not commenced prior to November 20, 1985. The instant case meets these three criteria, and thus, the damage provisions contained in Section 2744.05 are potentially relevant to the instant case. As a practical matter, however, the retroactivity of much of Section 2744.05 will be of little import to this case, as Plaintiff does not seek punitive damages and as wrongful death actions are not subject to Section 2744.05(C)'s limit on compensatory damages (It will be recalled that wrongful death actions are specifically exempted). Section 2744.05(B), with its provision for the deduction of collateral sources from awards of damages recovered against a political subdivision, is the only portion of Section 2744.05 whose retroactivity could have an impact upon this case in the event of a recovery by Plaintiff on her wrongful death claim against Defendant.[1]

1. On August 4, 1986, the jury found Defendant City of Dayton liable on Plaintiff's claim under the Ohio wrongful death statute, and deter-mined that Plaintiff was entitled to recover $3.5 million from Defendant to compensate for the wrongful death of James Urseth. (Doc. # 199).

As this Court noted in its entry of June 5 (Doc. #173), the parties in this case disagree as to whether, as a substantive matter, Section 2744.05(B) is applicable to awards of damages obtained against a political subdivision in a wrongful death action. Beyond resolving that Section 2744.05(B), as a matter of statutory construction, is to be applied retroactively, the Court makes no resolution at this time as to the applicability of the collateral source provisions of Section 2744.05(B) in the event that Plaintiff prevails in her wrongful death action against Defendant.[2]