BACHMAYER, APPELLEE, *v.*
TOLEDO BOARD OF EDUCATION,
APPELLANT.

---

[2] *Longo, supra, op. cit.*

(No. L-87-226—Decided
May 20, 1988.)

*David Mohr,* for appellee.

*Frank Pizza* and *Lisa Pizza,* for appellant.

*Per Curiam.* This cause is on appeal from a judgment of the Lucas County Court of Common Pleas.

The issue in this case is whether the defendant-appellant board of education has a statutory duty to defend, indemnify, and hold harmless plaintiff-appellee teacher in a negligence action brought against both parties by a student injured while attending appellee's class in 1982. Upon a stipulation of facts, the trial court granted appellee's motion for summary judgment and ordered appellant to provide for the defense of appellee and indemnify and hold harmless appellee in the amount of any judgment that may be rendered other than punitive or exemplary damages. It is from this decision that appellant appeals, setting forth the following three assignments of error:

"I. The court erred by failing to apply established principles of statutory construction to conclude that the specific provisions of R.C. 3313.203 must prevail over the general provisions of R.C. 2744.07(A)(1) and (2).

"II. The court erred by failing to hold that plaintiff-appellee's insurer is obligated to defend and, if necessary, indemnify its insured against the allegations made in the lawsuit giving rise to this action.

"III. The court erred by failing to hold that R.C. 2744.07(A)(1) and (2) cannot be retroactively applied in this matter."

The trial judge based his holding on R.C. 2744.07, which provides in relevant part:

"(A)(1) Except as otherwise provided in this division, a political subdivision shall provide for the defense of an employee, in any state or federal court, in any civil action or proceeding to recover damages for injury, death, or loss to persons or property allegedly caused by an act or omission of the employee in connection with a governmental or proprietary function if the act or omission occurred or is alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities. * * *

"(2) Except as otherwise provided in this division, a political subdivision shall indemnify and hold harmless an employee in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court * * * and that is for damages for injury, death, or loss to persons or property caused by an act or omission in connection with a governmental or proprietary function, if at the time of the act or omission the employee was acting in good faith and within the scope of his employment or official responsibilities.

"* * *

"(C) If a political subdivision refuses to provide an employee with a defense in a civil action or proceeding as described in division (A)(1) of this section, the employee may file, in the court of common pleas of the county in which the political subdivision is located, an action seeking a determination as to the appropriateness of the

refusal of the political subdivision to provide him with a defense under that division."

In its first assignment of error, appellant contends that R.C. 3313.203, rather than R.C. 2744.07, should be applied in this case. Enacted originally in 1972 and amended effective 1985, R.C. 3313.203 provides in part:

"The board of education of any school district may do any of the following:

"'* * *

"(B) Except for findings for recovery in an audit report pursuant to section 117.28 of the Revised Code, indemnify, defend, and hold harmless any person included in division (A) of this section against all civil demands, claims, suits, and legal proceedings, whether threatened or instituted, and defend such person against any criminal legal proceedings, whether threatened or instituted, that arise from the acts or omissions of such person while acting within the scope of the person's employment by the school board and in the good faith belief that such conduct was lawful and in the best interests of the school district, except that expenditures and obligations under this division shall not exceed the amounts appropriated for such purposes."[1]

Appellant places particular emphasis on the word "may" in R.C. 3313.203, contrasting it with "shall" as appears in R.C. 2744.07. The hypothesis that the two sections are in conflict with one another is the focus of appellant's first assignment of error.[2]

Appellant asserts that principles of statutory construction dictate that the specific provisions of R.C. 3313.203 must prevail over the general provisions of R.C. 2744.07(A)(1) and (2).[3] The resolution of such conflicts is addressed statutorily in R.C. 1.51. This section provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

In *Leach* v. *Collins* (1931), 123 Ohio St. 530, 533, 176 N.E. 77, 78, the Ohio Supreme Court held that "[i]t is well settled that such *specific* statutory provisions are to be regarded as *exceptions* to *general* statutory provisions * * *." (Emphasis added.) This holding was reiterated in *Eggers* v. *Morr* (1955), 162 Ohio St. 521, 527, 55 O.O. 417, 419, 124 N.E. 2d 115, 118, where the court held:

"* * * A special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision." (Citations omitted.)

Appellant argues that to affirm the trial court's holding would necessitate our acceptance of the implied repeal of

---

[1] Both R.C. 3313.203 and 2744.07 were addressed by the General Assembly in Am. Sub. H.B. No. 176 (141 Ohio Laws, Part I, 1699, 1720, 1724), effective November 20, 1985.

[2] One author asserts that the word "may" in R.C. 3313.203 refers only to criminal actions. Baker, 1987-1988 Handbook of Ohio School Law (1987), Section 10.06, at fn. 67.3. This contention seems to contravene the express language of the statute and is unsupported by case law.

[3] School boards are singularly and specifically referred to in R.C. 3313.203 in contrast to the more general provisions of R.C. 2744.07, thus the basic distinction in statutory characteristics.

a portion of R.C. 3313.203. Such a method of statutory construction was discouraged by the Ohio Supreme Court in *State* v. *Frost* (1979), 57 Ohio St. 2d 121, 124, 11 O.O. 3d 294, 295, 387 N.E. 2d 235, 237:

"It has been a long-standing rule that courts will not hold prior legislation to be impliedly repealed by the enactment of subsequent legislation unless the subsequent legislation clearly requires that holding. (Citation omitted.) This rule of statutory construction was codified in 1972 in R.C. 1.51."

This issue was also addressed by the court in *Cincinnati* v. *Thomas Soft Ice Cream, Inc.* (1977), 52 Ohio St. 2d 76, 8 O.O. 3d 63, 374 N.E. 2d 646. Here, the court held that there is no implied repeal of an earlier enactment because the General Assembly is *presumed* to have knowledge of prior legislation when it enacts subsequent legislation. In disputing the presumption against "implied repeals," R.C. 1.51 demands a showing of manifest intent to repeal on the part of the legislature. The "manifest intent" standard was specifically adhered to in *State, ex rel. Johnson,* v. *Perry County Court* (1986), 25 Ohio St. 3d 53, 25 OBR 77, 495 N.E. 2d 16.

A search in this case for manifest intent leads inevitably to the time of enactment of the later statute, R.C. 2744.07. In R.C. 2744.01(F), the legislature defined "[p]olitical subdivision[s]," to specifically include a "school district." Additionally, there is no indication that the legislature intended school districts to be exempted from the application of R.C. 2744.07.

Appellee contends that R.C. Chapter 2744 and R.C. 3313.203 are not in conflict with each other, implying that the legislature intended the two statutes to co-exist.[4] See R.C. 1.51. In asserting this viewpoint, appellee

claims that R.C. 2744.07 was enacted in 1985 by the Ohio Legislature as a response to the abolition of sovereign immunity for boards of education in *Carbone* v. *Overfield* (1983), 6 Ohio St. 3d 212, 6 OBR 264, 451 N.E. 2d 1229. Appellee's contentions receive considerable support from the legislative analysis of Am. Sub. H. B. No. 176 (R.C. 2744.07).

Appellee's argument is also confirmed by 1 Baker & Carey, Ohio School Law Guide (1988), Sections 10.06 and 10.21, and Lewis, Jollay & Buchter, Ohio School Law (1987), Section 46.04.

In relevant part, Baker & Carey states:

"Teachers are also entitled to a defense from the board of education, and indemnification for any judgments rendered (except for punitive damages), provided, again, they have acted in the good-faith performance of their teaching duties. This immunity, and right to defense and indemnification, did not exist prior to the enactment of the Sovereign Immunity Law [R.C. 2744.07] in 1985. Prior to such law, the Ohio Supreme Court held that teachers could not assert the defense of immunity, and were personally liable for the consequences of their own negligence." (Footnotes omitted.) Baker & Carey, *supra,* Section 10.21, at 400.

Lewis, Jollay & Buchter further supports appellee's position. Lewis, Jollay & Buchter states:

"* * * the district must provide for the employee's defense if the act or omission occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities." (Footnotes omitted.) *Id.* at 612.

Appellee further expresses that R.C. 3313.203 was enacted solely to permit school districts to purchase insurance and/or appropriate funds

---

[4] See footnote 1, *supra.*

which would then be used to discharge the duties imposed by R.C. 2744.07. In his final proposition, appellee contends that R.C. 3313.203 is an "either/or" statute. Appellee maintains that R.C. 3313.203(A) "states that a board of education *may* purchase liability insurance for its employees or [per R.C. 3313.203(B)] it may defend, indemnify and hold harmless its employees by itself out of amounts appropriated for such purposes." (Emphasis added.) This, states appellee, gives a board of education a choice of where to obtain its resources, but not a choice of whether or not to defend, indemnify and hold harmless its employees.

Although this court is aware that the two statutes represent a conflict of terms, we find that the legislative intent was to have effect given to both laws. Therefore, we hold that R.C. 2744.07 does not impliedly repeal R.C. 3313.203, but, rather, further defines and expands upon the ultimate objectives of the Ohio Legislature.

For the aforestated reasons, appellant's first assignment of error is found not well-taken.

Appellant's second assignment of error states, in essence, that at the time the accident occurred, appellee was privately insured; therefore, it is appellee's insurance company, and not appellant, that should provide for his defense and indemnification. Appellant's argument relies on two letters which appear as Exhibits A and B in the record. The first, dated September 5, 1986, is a letter from appellee's union representative to appellee's insurance company. The second letter, dated December 19, 1986, is from appellee's attorney to appellant's attorney. This correspondence details an offer made by appellant to defend and indemnify appellee if twenty-five percent of the total costs were assumed by appellee's insurance company. There is no other evidence in the record relating to the status of appellee's private insurance company.

Appellee claims that the evidence does not establish that he was insured at the time of the student's injury. Appellee also contends that the presence or absence of such coverage is immaterial to the application of R.C. 2744.07. Additionally, appellee is correct in his assertion that this action was decided on a stipulation of facts in the trial court and there is no reference to insurance coverage in that stipulation.

Although this argument brings to the forefront the issue underlying this litigation, there is an inadequate amount of evidence in the record upon which to evaluate the insurance question. See App. R. 12. The two letters are not conclusive proof of the existence or the amount of insurance, nor do they indicate which party is best able to bear the financial burden of the impending negligence action. In addition, neither the amount of insurance coverage nor the financial condition of the parties should have any effect on this issue.

For the aforestated reason, appellant's second assignment of error is found not well-taken.

In its third assignment of error, appellant argues that the trial court erred in applying R.C. 2744.07 retroactively, thereby imposing upon appellant a duty encompassing an accident that occurred three years prior to the statute's enactment.[5] Lewis, Jollay & Buchter, *supra,* foreshadowed this argument:

"It is crucial to note that the provi-

---

[5] Appellee also asserts that appellant is barred from asserting this assignment of error because the issue was not raised in the trial court. In response, appellant argues that its memorandum in support of its motion for summary judgment states

sions of R.C. 2744.07 * * * apply retroactively to judgments rendered, actions commenced, and claims arising prior to as well as on or after November 20, 1985. The retroactivity provision may be subject to challenge on constitutional grounds. * * *" *Id.* at 613.

Section 4 of Am. Sub. H.B. No. 176 provides in part:

"[R.C. 2744.07 shall apply to] actions commenced prior to and pending on, or commenced on or after, the effective date of this act, and claims arising or made prior to or on or after the effective date of the act. * * *"

Appellant contends that to apply R.C. 2744.07 retroactively would violate Section 28, Article II of the Ohio Constitution. In part, this section states:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; * * *."

In *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489, the Ohio Supreme Court stated in paragraph one of its syllabus that:

"The issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly has specified that the statute so apply. * * *"

This rule is contained in R.C. 1.48, which provides:

"A statute is presumed to be prospective in its operation unless expressly made retrospective."

In this instance, Section 4 of Am. Sub. H.B. No. 176 specifically provides for retrospective application of the statute. The statute, therefore, meets the threshold test for retrospective application embodied in R.C. 1.48.

The next inquiry is "whether [the statute] contravenes the ban upon retroactive legislation set forth in * * * the Ohio Constitution." *Van Fossen, supra,* at 106, 522 N.E. 2d at 496. The *Van Fossen* court held that:

" 'Under the constitutional prohibition, the general assembly has no power to pass retroactive laws. Art. II, sec. 28. Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective or retroactive." *Id.,* quoting *Cincinnati* v. *Seasongood* (1889), 46 Ohio St. 296, 303, 21 N.E. 630, 633.

Applying the above paragraph in the case *sub judice,* "it has been more particularly held that a statute is substantive when" it "gives rise to or takes away the right to sue or defend actions at law." (Citations omitted.) *Id.* at 107, 522 N.E. 2d at 496. A statute is also deemed to be substantive when it "imposes new or additional burdens, duties, obligations or liabilities as to a past transaction." (Citations omitted.) *Id.*

Conversely, statutes held to be purely remedial or procedural in nature are not " 'within the mischiefs against which [Section 28, Article II] * * * was intended to guard * * *.' " *Van Fossen, op. cit.,* quoting *Rairden* v. *Holden* (1864), 15 Ohio St. 207, paragraph two of the syllabus. The court recognized an occasional blurring of the substantive-remedial concepts and stated that statutes which are con-

---

that it would be unfair to impose liability for accidents which occurred before the abolition of sovereign immunity. Appellant did not specifically use the term "retroac-

tivity" but focused its argument on the unfairness of retrospectively altering the expectations and obligations of such school boards.

sidered remedial include, *inter alia,* "rules of practice, courses of procedure and methods of review, * * * but not the rights themselves." (Citations omitted.) *Van Fossen, supra,* at 108, 522 N.E. 2d at 497.

Appellee urges that applying R.C. 2744.07 is "appropriate," focusing his argument on the fact that school boards were authorized by R.C. 3313.203 to purchase liability insurance as early as 1972. Regardless of appellant's purchase or failure to purchase such insurance, it is still necessary to evaluate the constitutionality of applying R.C. 2744.07 to the instant case.

Once again following the analysis of *Van Fossen, supra,* the new statute states that a political subdivision "shall" defend and indemnify an employee, R.C. 2744.07(A); the older statute provides that a board of education "may * * * indemnify, defend, and hold harmless * * *" an employee. R.C. 3313.203(B).

At the time the student's injury occurred, appellant apparently had the option of refusing to defend and indemnify its employee. Considering the current unavailability of sovereign immunity (see *Carbone, supra*) and the enactment of R.C. 2744.07, appellant will no longer have such a choice. However, in this case, the court does not find such a result unconstitutional.

The underlying negligence suit was filed in 1986, one year *after* the enactment of R.C. 2744.07. Appellant, as a political subdivision, is among the entities statutorily obligated by this legislation. To hold that appellant is not bound to perform its duties under this statute appears to this court to contravene the express intent of the legislature; therefore, we find the utilization of R.C. 2744.07 appropriate in this context.

For the aforestated reasons, appellant's third assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.