THOMAS, Exrx., et al., Appellants,

v.

CITY OF EAST CLEVELAND, Appellee.

[Cite as *Thomas v. East Cleveland* (1989), 61 Ohio App.3d 75.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54999.

Decided Feb. 16, 1989.

*Dennis P. Levin,* for appellants.

*Clarence Holmes,* Assistant Director of Law, for appellee.

---

MATIA, Judge.

Plaintiffs-appellants, Mary Thomas and Ralph Thomas, appeal from a judgment of the Cuyahoga County Court of Common Pleas which granted the appellee's motion for summary judgment.

## I  The Facts

On September 20, 1985, the minor child of the appellants, Damon Thomas, was left in the care of a babysitter, Kathy Gilbert.  At approximately 8:30 a.m., Kathy Gilbert noticed that Damon was not breathing properly and asked a neighbor, Shirley Walker, to contact the East Cleveland Police Department for emergency medical service.  Shirley Walker telephoned the East Cleveland Police Department and was advised by a dispatcher that emergency help would be forthcoming.  In addition, another neighbor telephoned the East Cleveland Police Department and requested medical assistance.

After a period of approximately fifteen minutes and upon the failure of the East Cleveland police to arrive at the scene of the medical emergency, Damon was driven to Huron Road Hospital by Kathy Gilbert.  On that same morning, Damon Thomas expired at 10:47 a.m.

On September 17, 1986, the appellants filed a cause of action against the appellee, the city of East Cleveland, in the Cuyahoga County Court of Common Pleas. The complaint alleged that the "negligence, gross negligence and willful, wanton and reckless and/or intentional conduct of the East Cleveland Police" had resulted in the deprivation of emergency medical service necessary to sustain the life of Damon Thomas. The appellants further alleged the infliction of emotional distress, loss of companionship of the deceased child, and negligent misrepresentation.

On August 28, 1987, the appellee filed a motion for summary judgment essentially based upon the doctrine of sovereign immunity and the nonexistence of liability on the part of the appellee and the police department for the lack of emergency medical service to Damon Thomas.

On December 14, 1987, the appellee's motion for summary judgment was granted by the trial court.

Thereafter, the appellants timely brought the instant appeal.

II   Assignment of Error

The appellants' sole assignment of error is that:

"The trial court erred in granting summary judgment in favor of appellee."

The appellants, in their sole assignment of error, argue that the trial court erred in granting the appellee's motion for summary judgment. Specifically, the appellants argue that the doctrine of sovereign immunity was not applicable to the factual situation which culminated in the death of Damon Thomas.

Civ.R. 56(C), which defines the parameters of a motion for summary judgment, provides:

"Motion and proceedings thereon. The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one

conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

In addition, the party moving for summary judgment must demonstrate:

" * * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

In the case *sub judice,* the appellee failed to support its motion for summary judgment with any depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, or written stipulations. The appellee merely relied upon the pleadings and attempted to establish as a matter of law that the appellants' cause of action was barred by the doctrine of sovereign immunity. Thus, in reality, the appellee argued that the appellants' cause of action failed to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6).

The Supreme Court of Ohio, in a series of cases, has abrogated the long-standing doctrine of sovereign immunity and its application to municipal corporations:

"The issue we face in the appeal *sub judice* is whether the city is subject to dismissal as a party on the basis of sovereign immunity. We hold that the city was erroneously dismissed as a party.

"This court abolished the doctrine of sovereign immunity for municipal corporations in *Haverlack v. Portgage Homes, [Inc.,* (1982), 2 Ohio St.3d 26, 2 OBR 572, 442 N.E.2d 749], *supra.* As we stated in *Haverlack, supra,* at 30, 2 OBR at 575, 442 N.E.2d at 752]:

" 'A municipal corporation, unless immune by statute, is liable for its negligence in the performance or nonperformance of its acts.'

"We subsequently extended and refined the abolition of sovereign immunity for municipal corporations in *Enghauser Mfg. Co. v. Eriksson Engineering Ltd.* (1983), 6 Ohio St.3d 31 [6 OBR 53, 451 N.E.2d 228], where we held at paragraph two of the syllabus:

" ' * * * [N]o tort action will lie against a municipal corporation for those acts or omissions involving the exercise of a legislative or judicial function or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. However, once the decision has been made to engage in a certain activity or function, municipalities will be held liable, the same as private corporations and persons, for the negligence of their employees and agents in the performance of the activities.' See, also, *Carbone v. Overfield* (1983), 6 Ohio St.3d 212 [6 OBR 264, 451 N.E.2d 1229]; *Mathis v. Cleveland Public Library* (1984), 9 Ohio St.3d 199 [9 OBR 511, 459 N.E.2d 877]; *Zents v. Bd. of Commrs.* (1984), 9 Ohio St.3d 204 [9 OBR 516, 459 N.E.2d 881]; and *Reynolds v. State* (1984), 14 Ohio St.3d 68 [14 OBR 506, 471 N.E.2d 776].

"As recently as this court's unanimous decision in *Wilson v. Neu* (1984), 12 Ohio St.3d 102 [12 OBR 147, 465 N.E.2d 854], the principles of *Enghauser, supra,* were viewed as controlling a claim against a municipal corporation. It is therefore obvious that, at this stage, the city may not escape liability for the wrongdoing or tortious activity of its agents or employees on the basis of sovereign immunity absent a specific grant of statutory immunity. See, *e.g., Adams v. Peoples* (1985), 18 Ohio St.3d 140 [18 OBR 200, 480 N.E.2d 428]." *Longfellow v. Newark* (1985), 18 Ohio St.3d 144, 145, 18 OBR 203, 204, 480 N.E.2d 432, 433.

In response to this abrogation of sovereign immunity, the legislature promulgated R.C. Chapter 2744, Political Subdivision Tort Liability. R.C. Chapter 2744 reestablished the application of the doctrine of sovereign immunity to municipal corporations in a limited manner. R.C. Chapter 2744, however, became effective on November 20, 1985.

■ Limited sovereign immunity, as afforded to a municipal corporation pursuant to R.C. Chapter 2744, cannot retroactively apply to a cause of action which accrued prior to the effective date of R.C. Chapter 2744. Accord *Urseth v. Dayton* (S.D.Ohio 1986), 653 F.Supp. 1070; *Liebenthal v. Sandusky* (July 24, 1987), Erie App. No. E–86–73, unreported, 1987 WL 14418. In addition, the legislature passed Section 3, Sub.S.B. No. 297 (141 Ohio Laws, Part I, 701, 703–704), which limited the application of R.C. Chapter 2744 to those causes of action which accrued on or after November 20, 1985. This Act became effective on April 30, 1986 and provides in relevant part:

" [c](C) The provisions of sections 2744.02 and 2744.03 of the Revised Code, as amended as of the effective date of this amendment, shall apply only to

causes of action against political subdivisions for injury, death, or loss to persons or property that arise on or after November 20, 1985. * * * [⁷] "

Herein, the appellants' cause of action accrued on September 20, 1985 and is specifically exempt from the application of R.C. Chapter 2744. The inapplicability of R.C. Chapter 2744, coupled with the abrogation of sovereign immunity by the Supreme Court of Ohio, mandated that the appellants' cause of action as grounded in negligence was not barred against the city of East Cleveland.

■ In addition, the appellee's motion for summary judgment failed to establish that no genuine issue of material fact existed for the trier of fact and that the appellee was entitled to judgment as a matter of law. Clearly, genuine issues of material fact existed as to whether the East Cleveland Police Department was negligent in providing emergency medical service to Damon Thomas on September 20, 1985.

III   Conclusion

Based upon the fact that the appellants' complaint was not barred by the doctrine of sovereign immunity and the failure of the appellee to establish that no genuine issues of material fact existed for the trier of fact, the trial court erred in granting the appellee's motion for summary judgment.

The judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

KRUPANSKY, P.J., and CORRIGAN, J., concur.