Lundberg Stratton, J.,
dissenting.
{¶ 33} I respectfully dissent. I believe that the Lucas County Common Pleas Court properly stayed this matter until the Court of Claims could determine whether Peter Temesy-Armos, M.D., was acting outside the course and scope of his employment with the state. Until the doctor’s status is decided, the common pleas court lacks jurisdiction to proceed with the respondeat superior claim against Temesy-Armos’s private employer.

Court of Claims Must Make Initial Determination

{¶ 34} The majority concludes that R.C. 2743.02(F) does not apply. Because the suit is now against only the doctor’s private employer, not the state or the doctor, this court concludes that there is no need to determine whether the doctor’s conduct was outside the scope of his employment with the state. I disagree. Sawicki initially filed his complaint against Dr. Temesy-Armos for medical malpractice and included a claim against his private employer for respondeat superior. There is no independent claim of negligence against Associated Physicians of MCO, Inc. (“Associated”). It is a derivative claim.
{¶ 35} The parties conceded that Dr. Temesy-Armos was a state employee at the time he provided care to Sawicki. It follows that the Court of Claims must determine the second part of the analysis, i.e., whether he was acting within the course and scope of his employment with the state before there may be a determination of whether he was within the scope of his employment with his private employer. Today’s opinion totally eliminates this requirement.
{¶ 36} We have held that “the Court of Claims has exclusive jurisdiction to determine whether a state employee is immune from liability under R.C. 9.86. Therefore, courts of common pleas do not have jurisdiction to make R.C. 9.86 immunity determinations.” Johns v. Univ. of Cincinnati Med. Assocs., Inc., 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19, syllabus. The Court of Claims “must initially determine whether the practitioner is a state employee” and, if so, “whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured” to determine whether the practitioner was acting “ ‘manifestly outside the scope of employment.’ ” Theobald v. Univ. of Cincinnati, 111 Ohio St.3d 541, 2006-Ohio-6208, 857 N.E.2d 573, ¶ 30, 31, quoting R.C. 9.86.
{¶ 37} As I stated in my dissenting opinion in Sawicki I, “only the Court of Claims may determine Dr. Temesy-Armos’s employment status at the time of the alleged negligence — whether a state employee or a private physician. Sawicki *206 cannot circumvent a determination by the Court of Claims merely by proceeding only against Associated.” State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas, 121 Ohio St.3d 507, 516, 2009-Ohio-1523, 905 N.E.2d 1192, ¶42 (Lundberg Stratton, J., dissenting). Now Sawicki is attempting to do just that.
{¶ 38} In State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas (1991), 60 Ohio St.3d 78, 573 N.E.2d 606, a case filed against a physician employed by the state who was a loaned servant to a private institution, we held: “Irrespective of whether Sanquily was a ‘loaned servant,’ he was employed by the state when the cause of action arose. He was therefore an ‘officer or employee’ of the state for purposes of R.C. 2743.02(F). We therefore hold that the common pleas court’s exercise of jurisdiction over the merits of the case is unauthorized by law until the Court of Claims decides whether Sanquily is immune from suit.” Id. at 79.
{¶ 39} We added: “R.C. 2743.02(F) vests exclusive original jurisdiction in the Court of Claims to determine whether Sanquily is immune from suit. Until that court decides whether Sanquily is immune, the common pleas court is totally without jurisdiction over the litigation against him. Accordingly, Sanquily is entitled to a writ prohibiting the common pleas court from exercising jurisdiction over the merits of the case until the Court of Claims has decided whether he is entitled to personal immunity under R.C. 9.86 and whether the common pleas court has jurisdiction over the malpractice action.” Id. at 80-81.
{¶ 40} In Conley v. Shearer (1992), 64 Ohio St.3d 284, 595 N.E.2d 862, we rejected Conley’s attempt to avoid filing in the Court of Claims even when he had filed an affidavit waiving his claims against the state in an attempt to maintain his action against a state employee in the court of common pleas. “Although Conley has waived any claim he had against the state, Shearer is still entitled to any immunity from suit that may exist. Such a rule bars plaintiffs with claims against state officers and employees from waiving claims against the state in the hope of maintaining an action against the officer or employee individually, thereby avoiding the jurisdictional prerequisite of R.C. 2743.02(F). Only after the Court of Claims determines that a state employee acted outside the scope of his or her employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner may a plaintiff bring an action against the employee in a court of common pleas.” Id. at 288. In this case, Sawicki cannot avoid jurisdictional requirements and try to cure his failure to timely file in the Court of Claims by claiming that he is not pursuing the doctor individually.

Dual Agency Does Not Create Liability for Both Employers

{¶ 41} The majority disregards longstanding precedent when it concludes that Temesy-Armos may have been a dual agent acting on behalf of both the state hospital and his private employer while he was treating Sawicki. In these circumstances, Ohio courts have adhered to an analysis that begins by examining *207 the role of the physician. In Theobald, 111 Ohio St.3d 541, 2006-Ohio-6208, 857 N.E.2d 573, we clarified the analysis for dual agents: the Court of Claims must initially determine whether the practitioner is a state employee, and if so, “the court must next determine whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured.” Id., ¶ 31.
{¶ 42} Sawicki cannot avoid this analysis by pursuing only Associated and not the state. It is significant that Sawicki’s complaint alleges negligence against the state-employed doctor and only derivative liability against Associated. By doing so, Sawicki must initially determine the doctor’s role by filing in the Court of Claims in order to proceed with the litigation in common pleas court.
{¶ 43} If the Court of Claims had determined that the doctor was acting within the scope of his state employment at the time, he would not be a dual agent. Now common pleas courts may exercise jurisdiction to determine that very same issue.

No Respondeat Superior Liability When Agent Is Immune

{¶ 44} The majority also concludes that the doctor’s potential immunity is immaterial to the vicarious liability of his private employer. I do not agree. “It is axiomatic that for the doctrine of respondeat superior to apply, an employee must be liable for a tort committed in the scope of his employment.” Strock v. Pressnell (1988), 38 Ohio St.3d 207, 217, 527 N.E.2d 1235. “If there is no liability assigned to the agent, it logically follows that there can be no liability imposed upon the principal for the agent’s actions.” Comer v. Risko, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 20.
{¶ 45} “Although a party injured by an agent may sue the principal, the agent, or both, a principal is vicariously liable only when an agent could be held directly liable.” Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 22. Wuerth involved a legal-malpractice claim filed directly against a law firm when none of its principals or employees were liable or even named as defendants. We looked to medical-malpractice cases for guidance. We held that a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for malpractice. Ironically, we now look to a legal-malpractice case for the same principle, that a private employer cannot be liable if its employee, a doctor, has been dismissed. In this case, the majority has reached a different conclusion.
{¶ 46} In Comer v. Risko, we held that a hospital could not be held liable for the alleged negligence of a physician when that physician could not be sued due to the expiration of the statute of limitations. 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 2. We relied on the basic agency principle that an agent “is primarily liable for its actions, while the principal is merely secondarily liable.” *208 Id. at ¶ 20. An employer’s liability is dependent on the negligence of the employees. Here, Sawicki concedes that the statute of limitations as to Temesy-Armos has expired. Even when alerted to the need to file in the Court of Claims, he did not and allowed the statute to expire.
{¶ 47} The majority relies on Adams v. Peoples (1985), 18 Ohio St.3d 140, 18 OBR 200, 480 N.E.2d 428, in support of a respondeat superior claim against an employer when the employee is potentially immune from liability. Adams involved the liability of a municipality for the willful and wanton conduct of its employee when the municipality was statutorily immune from liability for the employee’s mere negligence. Id. at syllabus. There was no dual agency in Adams, and here, only negligence is alleged. Thus, Adams is not on point.
{¶ 48} The majority attempts to distinguish Comer, a case that involved agency by estoppel and the expiration of the statute of limitations. Whether in a case of agency by estoppel or respondeat superior, we look to basic agency principles. And whether the claim against the agent is extinguished by the expiration of the statute of limitations or by the agent’s immunity, the result is that the agent may not be liable. When no liability may be imposed on the agent, there is no liability to flow through to the principal. Comer, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 25.
{¶ 49} If Dr. Temesy-Armos is Associated’s sole employee and the doctor has been dismissed, how will Sawicki establish the doctor’s negligence in order to assess liability against the principal? Will the principal be required to defend and prove a lack of negligence against an empty chair, a nonparty? This creates an untenable situation.
{¶ 50} Here, there is no dispute that Dr. Temesy-Armos is a state employee. R.C. 2743.02(F) requires a civil action against a state employee to “first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the couHs of common pleas have jurisdiction over the civil action.” (Emphasis added.) Sawicki needed to have sought an initial determination in the Court of Claims regarding the status of Temesy-Armos before proceeding to litigate claims against the doctor’s private employer. He did not. The limitations period has expired, and he cannot proceed. In the absence of a finding of the employee’s liability, there can be no respondeat superior liability assessed against his private employer.
{¶ 51} As a consequence of this opinion, a plaintiff may now subject a physician’s private employer to a medical-malpractice lawsuit even if that physician was employed within the scope of his employment for the state at the time of the alleged negligence, as is conceded here. Under these circumstances, the *209 Court of Claims need not make an initial determination under R.C. 2743.02(F), because we now recognize dual agency. Companion lawsuits may be filed in common pleas court. I believe that this will result in more lawsuits, increase defense litigation costs, and consume more court resources. This opinion opens the floodgates for more litigation despite the plain language of R.C. 2743.02(F).
Barkan & Robon, Ltd., James M. Tuchsman, and R. Ethan Davis, for appellee. Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for appellants.
Skiver & Associates, L.L.C., Elizabeth E. Baer, and Kristen A. Connelly, urging reversal for amicus curiae, Associated Physicians of MCO, Inc.
{¶ 52} Consequently, I respectfully dissent.
O’Donnell, J., concurs in the foregoing opinion.