DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Elyria City School District Board of Education ("Board") and Sarah Jackson, appeal from a judgment of the Lorain County Court of Common Pleas denying Ms. Jackson's motion for partial judgment on the pleadings in part and denying the Board's motion to dismiss in part. We reverse.
 I. {¶ 2} Appellees are three minor children and their parents. Ms. Jackson was a Kindergarten teacher employed by the Elyria City School District, and the children were students in her Kindergarten class. Appellees filed suit in the Lorain County Court of Common Pleas against Ms. Jackson and the Board based on nine causes of action: 1) violation of state and federal privacy statutes, specifically R.C. 3319.321; The Family Educational Rights and Privacy Act (FERPA), Section 1232(g), Title 20, U.S. Code; and the Health Insurance Portability and Accountability Act, Section 1301 et seq., Title 42, U.S. Code.; 2) invasion of privacy by publicizing private affairs; 3) invasion of privacy by intrusion into private activities; 4) negligent and intentional infliction of emotional distress; 5) respondeat superior liability against the Board only; 6) negligence against the Board only; 7) negligence against Ms. Jackson only; 8) assault and battery against Ms. Jackson only; and 9) loss of services. Appellants removed the case to federal court, then filed dispositive motions based in part on Ohio's Political Subdivision Tort Liability Act, R.C. 2744.01 et seq., claiming immunity from most of Appellees' claims.
 {¶ 3} Soon thereafter, Appellees voluntarily dismissed the federal claims and the case was remanded to the Lorain County Court of Common Pleas. Appellees filed a response to Appellants' dispositive motions, as well as an amended complaint. In light of the amended complaint, Appellants withdrew their motions.
 {¶ 4} In the amended complaint, Appellees deleted the federal claims but added two new causes of action against both Appellants: one for misuse of a personal information system under R.C. 1347.01 and one based on the common law public duty rule. Ms. Jackson filed a motion for partial judgment on the pleadings and the Board filed a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6). Appellants argued that R.C. 3319.321
did not create a private right of action for the statutory privacy claims; that R.C. Chapter 2744 grants immunity to the Board against all other claims and grants immunity to Ms. Jackson against all claims based on negligence; and that the public duty rule was not a basis for an independent cause of action. The trial court dismissed the R.C. 3319.321 claims, finding that the statute created no private right of action, but denied Appellants' motions as to the remaining claims. The trial court's journal entry stated, in relevant part:
"[Appellees] have countered [the immunity claims] with fresh case law involving the heretofore virtually moribund `public-duty' doctrine. The Court finds that said doctrine puts the issue of the board and Ms. Jackson's immunity in a fresh light, one that makes disposition of this case by mere reference to previously established law inappropriate."
 {¶ 5} Appellants timely filed this interlocutory appeal pursuant to R.C. 2744.02(C). The Board asserted two assignments of error and Ms. Jackson asserted one assignment of error. We consider the Board's second assignment of error first. Because only questions of law are presented, we review all assignments of error de novo. Maumee v. Pub. Util. Comm., 101 Ohio St.3d 54,2004-Ohio-7, at ¶ 3.
 II. A. Constitutionality of R.C. Chapter 2744 {¶ 6} At the outset, this court declines to address Appellees' claim that R.C. Chapter 2744 is unconstitutional. Appellees initially raised this issue in response to motions filed by Appellants while the case was in federal court and raised it again in their appellate brief, although not as a separate assignment of error. In order to challenge the constitutionality of a state statute, the issue must be raised in the complaint or the initial pleading and the Ohio Attorney General must be properly served. R.C. 2721.12(A); Cicco v.Stockmaster (2000), 89 Ohio St.3d 95, 97. Appellees followed neither procedure. Consequently, this Court is without jurisdiction to rule on the constitutionality of the statute.
 B. Board's Second Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE ELYRIA CITY BOARD OF EDUCATION IN HOLDING THAT `SPECIAL RELATIONSHIP' EXCEPTION TO THE PUBLIC DUTY RULE SUPERSEDES THE BOARD'S IMMUNITY UNDER OHIO REVISED CODE CHAPTER 2744."
 {¶ 7} Subject to a few exceptions specifically enumerated in R.C. 2744.02(B), a political subdivision is immune from liability for civil damages caused by acts or omissions committed in connection with a governmental function. R.C. 2744.02(A)(1). Likewise, the political subdivision's employees are generally immune for such acts or omissions, unless the acts were manifestly outside the scope of employment; were committed with malice, in bad faith, or recklessly; or another section of the Revised Code specifically imposes liability. R.C.2744.03(A)(6)(a)-(c). These immunity statutes apply to public school systems and their employees. R.C. 2744.01(F).
 {¶ 8} Appellees argue that the public duty rule supersedes this statutory immunity provision, allowing a cause of action against even a defendant who claims immunity under R.C. Chapter 2744, so long as the plaintiff demonstrates a special relationship with the defendant. Appellants, on the other hand, contend that the public duty rule exists only as a defense, to be used as an alternative where a defendant political subdivision cannot successfully assert statutory immunity. Appellants further argue that, even if the public duty rule could establish a separate cause of action, R.C. Chapter 2744 would still preclude such an action.
 {¶ 9} Under the public duty rule, a duty imposed by law upon a public official is not a duty to an individual, but a duty to the public in general. Sawicki v. Village of Ottawa Hills
(1988), 37 Ohio St.3d 222 at paragraph two of the syllabus. Because no private duty exists, a plaintiff generally cannot sustain a negligence action against a public official for personal injuries caused by the official's failure to execute his duties properly. Id. at 230. An exception exists, and a duty is established, where the plaintiff proves that the plaintiff and the public official have a special relationship. Id. Such a relationship exists where 1) the municipality has assumed an affirmative duty to act on the plaintiff's behalf, by promises or by actions; 2) the municipality's agents are aware that inaction could lead to harm; 3) the municipality's agents have had direct contact with the plaintiff; and 4) the plaintiff has justifiably relied on the affirmative undertaking. Id. paragraph four of the syllabus.
 {¶ 10} Neither the public-duty rule nor the special relationship exception, in itself, will provide a sufficient basis for an independent cause of action, as appellees suggest. In general, a defendant government entity asserts the public duty rule in its defense against a negligence claim to negate the duty element. See Franklin v. Columbus (1998), 130 Ohio App.3d 53,58. Only in response to a public-duty rule defense can a plaintiff assert the special relationship exception, and the only function of that exception is to establish that a duty exists in spite of the public duty rule. See id. Appellees' reliance on the special relationship exception as a separate cause of action, where the public-duty rule has not been asserted as a defense, is therefore mistaken.
 {¶ 11} Even if the public duty rule could be used as a cause of action, that common law rule would not supersede the immunity statute. A court may not apply a judicially created doctrine where a statute "cuts against its applicability." (Emphasis sic.) Wallace v. Ohio Dept. of Commerce, 96 Ohio St.3d 266,2003-Ohio-4210, at ¶ 33. The immunity provisions of R.C. Chapter 2744 are unequivocal; its exceptions are few and specific. Appellants have cited no portion of the statute that expressly provides an exception to immunity for any common law doctrine.
 {¶ 12} Appellees argue that Yates v. Mansfield Bd. of Edn.,102 Ohio St.3d 205, 2004-Ohio-2491, allows the public-duty rule to be asserted as a cause of action in spite of statutory immunity. Appellees rely on the Yates court's statement in dicta that "the public-duty rule remains viable as applied to actions brought against political subdivisions pursuant to R.C. Chapter 2744." (Emphasis added.) Id. at 212, fn 2. The plain meaning of this phrase indicates that the rule may be used where R.C. Chapter 2744 permits a cause of action to be brought. Where none of the statutory exceptions apply, however, R.C. Chapter 2744 unequivocally precludes any cause of action. R.C.2744.02(A)(1); R.C. 2744.03(A)(6). Indeed, taking the Yates
footnote in context, it appears that the court was considering the use of the rule as a defense negating the duty element in tort.[1] Yates, 102 Ohio St.3d at 212.
 {¶ 13} The second assignment of error is well taken. The trial court erred in determining that the public duty rule supersedes the statutory immunity provisions of R.C. Chapter 2744 and provides an independent basis for a claim that could be asserted in spite of those immunity provisions.
 C. Board's First Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE ELYRIA CITY SCHOOL DISTRICT BOARD OF EDUCATION IN NOT DISMISSING ALL CLAIMS AGAINST IT ON THE GROUNDS OF OHIO REVISED CODE CHAPTER 2744 IMMUNITY."
 Ms. Jackson's Assignment of Error
"THE LOWER COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT SARAH JACKSON WHEN IT DENIED HER MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON THE BASIS OF IMMUNITY UNDER OHIO'S POLITICAL SUBDIVISION TORT LIABILITY ACT (R.C. § 2744.01
ET SEQ.)."
 {¶ 14} Having determined that the public duty rule does not allow a plaintiff to sustain an action against a political subdivision where the subdivision is immune under R.C. Chapter 2744, we now consider whether the Board's motion to dismiss and Ms. Jackson's motion for partial judgment on the pleadings should have been granted based on the immunity provisions of that chapter. We need not consider Count One of the amended complaint so far as it addresses R.C. 3319.321, as the trial court granted both Appellants' motions as to this claim and Appellees have not cross-appealed that ruling. We have also disposed of Count Ten by determining that, even if the public duty rule did provide an independent cause of action, it would not supersede the immunity provisions of R.C. Chapter 2744.
 {¶ 15} As to the Board's motion, a trial court may grant a Civ.R. 12(B)(6) motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle that plaintiff to relief. O'Brien v. Univ. Community TenantsUnion (1975), 42 Ohio St.2d 242, syllabus. As this type of motion is predicated on the plaintiff's "failure to state a claim upon which relief can be granted [,]" it is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v.Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548. The trial court must accept the plaintiff's factual allegations as true and make every reasonable inference in favor of the plaintiff. Byrd v. Faber (1991), 57 Ohio St.3d 56, 60. The rules pertaining to Ms. Jackson's Civ.R. 12(C) motion for judgment on the pleadings are nearly identical. McLeland v.First Energy, 9th Dist. No. 22582, 2005-Ohio-4940, at ¶ 6.
1. The Board's immunity.
 {¶ 16} R.C. 2744.02(A) provides:
"For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 17} R.C. 2744.02(B) sets forth a number of specific exceptions that overcome this grant of immunity. The party asserting an exception to immunity under R.C. 2744.02(B) has the burden of establishing that exception. See Wolford v. Sanchez,
9th Dist. No. 05CA008674, 2005-Ohio-6992, at ¶ 31.
 {¶ 18} Absent any exceptions, the Board falls within the scope of the immunity provision. A public school district is a political subdivision for the purposes of the statute, R.C.2744.01(F), and the provision of public educational services is a governmental function. R.C. 2744.01(C)(2)(c). Neither party contests this. Thus, unless Appellees can assert an exception to the immunity provision, the Board is immune from all claims.
2. Ms. Jackson's immunity.
 {¶ 19} Under R.C. 2744.03(A)(6), an employee of a political subdivision may also assert immunity from civil liability. As with the subdivision itself, this immunity may be overcome only using certain statutory exceptions. Id. Appellees admitted in their complaint that Ms. Jackson's acts were committed in the scope of employment; consequently, they cannot assert R.C.2744.03(A)(6)(a), which provides for an exception for acts that are manifestly outside the scope of the employee's employment. Furthermore, Ms. Jackson asserted her motion only as to the negligence based claims; therefore, exceptions based on R.C.2744.03(A)(6)(b) — imposing liability for claims involving a "malicious purpose, * * * bad faith, or * * * wanton and reckless" conduct — are not in issue here. The only remaining exception for Appellees to assert is that a different section of the Revised Code specifically imposes liability. R.C.2744.03(A)(6)(c).
3. Exceptions.
 {¶ 20} Aside from their reliance on the public duty rule, Appellees have asserted only one exception to the immunity statutes in their appellate brief, based on R.C. 2744.02(B)(4). We need not consider this argument, as Appellees did not assert it in their response brief to the motion to dismiss at the trial level. An issue that could have been raised in the trial court, but was not, cannot be considered for the first time on appeal and is waived. See Sekora v. Gen. Motors Corp. (1989),61 Ohio App.3d 105, 112.
 {¶ 21} Appellees have asserted no other exceptions to the immunity statute as to either appellant. We conclude that R.C.2744.02(A)(1) grants immunity to the Board from all claims and R.C. 2744.03(A)(6)(b) grants immunity to Ms. Jackson from all claims to the extent that they are based on negligence rather than malice, bad faith, or wanton or reckless conduct. Thus, even if all facts in the complaint are taken to be true, none of the claims against the Board will provide a basis for relief and none of the claims against Ms. Jackson will provide a basis for relief in negligence. Furthermore, the public duty rule will provide no alternative basis for relief that would override the statutory immunity provisions. Consequently, the trial court erred in not granting Appellants' motions. Ms. Jackson's sole assignment of error and the Board's first assignment of error are well taken.
 III. {¶ 22} Because the trial court erred in partially denying the Board's motion to dismiss and Ms. Jackson's motion for partial judgment on the pleadings, we reverse the judgment of the Lorain County Court of Common Pleas and remand this case for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Whitmore, P.J. Moore, J. concur.
[1] The Eighth District Court of Appeals has held, based onYates, that the special relationship exception does allow for the use of the public duty rule and the special relationship rule as a cause of action where R.C. Chapter 2744 immunity would otherwise apply. State Auto Mut. Ins. Co. v. Titanium MetalsCorp., 159 Ohio App.3d 338, 2004-Ohio-6618, at ¶ 15. However, the Eighth District's ruling, along with its conclusions as to the public duty rule, was vacated on jurisdictional grounds after all briefs were filed in the present case; therefore it cannot be relied upon for precedent. State Auto Mut. Ins. Co. v. TitaniumMetals Corp., 108 Ohio St.3d 540, 2006-Ohio-1713, at ¶ 12.