[Cite as *Perkins v. Columbus Bd. of Edn.*, 2014-Ohio-2783.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Marvin Perkins [by and for his minor son, Markel Perkins, and on behalf of all others similarly situated], | : | |
| | : | |
| Plaintiff-Appellant, | : | No. 13AP-803 |
| | | (C.P.C. No. 12CV-14709) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Columbus Board of Education et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 26, 2014

*Mills, Mills, Fiely & Lucas, LLC, John Sherrod, Laura Mills* and *Paul Vincent*, for appellant.

*Porter Wright Morris & Arthur LLP, Kathleen M. Trafford, Robert W. Trafford* and *Bryan R. Faller*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} This action arises out of a widely-publicized controversy in which the Columbus City School District stands accused of a failure to accurately account for academic performances of students in its schools. The details are not pertinent to the present case, but generally the underlying dispute involves assertions that the school system deliberately submitted inaccurate student attendance data and grades to the Ohio Department of Education in a process known as "grade-scrubbing."

{¶ 2} Appellant began the action with a complaint filed on behalf of his minor son, a Columbus City Schools student, naming as defendants the Columbus Board of

Education and Columbus Superintendent of Schools Gene T. Harris in her official capacity.  The initial complaint alleged that the inaccurate data reported to the Ohio Department of Education violated R.C. 3313.205, which requires a board of education to adopt a policy for notifying a student's parent or legal guardian when a student is absent, and R.C. 3313.209, addressing districts that do not operate latchkey programs.  The complaint in sum alleges that the failure to comply with statutory reporting requirements deprived appellant's son and similarly-situated students their fundamental right to an education.  A later amended complaint added various individual school district employees as defendants, also in their official capacity, and expanded the complaint to include claims for fraud, constructive fraud, repondeat superior liability, negligent supervision, and breach of fiduciary duty.

{¶ 3}  The amended complaint appears to propose a class action and seeks monetary damages, declaratory and injunctive relief, and a writ of mandamus ordering the superintendent to require Columbus schools to report student data in compliance with state law.  Appellant later withdrew his request for a writ of mandamus.

{¶ 4}  The various defendants moved for judgment on the pleadings, asserting that the school board and district employees were immune from liability.  Defendants also asserted that R.C. 3301.0714, the statute governing data reporting, did not provide for a private right of action.

{¶ 5}  The trial court granted judgment on the pleadings in favor of the board of education and superintendent.  The court granted motions to dismiss filed by the other individual defendants.  Appellant has filed a timely appeal from the trial court's final judgment.  The notice of appeal is expressly limited to that part of the trial court's entry that grants judgment in favor of Superintendent Harris.  Appellant brings the following assignments of error:

> Assignment of Error No. 1:  The trial court erred in incorrectly determining that "[O]fficeholders and employees [of political subdivisions] acting in their official capacity, cannot perform proprietary functions," which is the reason it improperly failed to subject Appellee to the two-tiered immunity analysis contained in R.C. § 2744.03(A)(6).

> Assignment of Error No. 2:  The application of its improper bright line rule caused the trial court to err in determining

Appellee was entitled to R.C. § 2744.02 three-tiered blanket immunity protection because its categorical conclusion Appellee's alleged attendance and grade scrubbing were "governmental functions" as opposed to "proprietary functions" under the tw0-tiered immunity analysis required by R.C. § 2744.02 was not made with any deference to the standards contained in R.C. § 2744.01(C)(1) and R.C. § 2744.01(G)(1)(b), which specifically define "governmental" and "proprietary functions," and this failure finally led to its erroneous conclusion Appellee's actions were "governmental functions."

Assignment of Error No. 3:    The trial court erred in determining R.C. § 3301.0714 did not confer standing upon Appellant to assert equitable claims simply because there is no language in the statute or other legislative intent to suggest an implied or express private right of action for intentional and malicious attendance and grade manipulation, and further in dismissing Appellant's equitable claims on grounds other than there being no real controversy of justiciable issue between the parties; and/or based upon the fact that a declaratory judgment would not terminate the uncertainty or controversy under R.C. § 2721.07.

{¶ 6}   Assignments of error one and two assert that the trial court erred by applying the wrong immunity standard when determining the superintendent's immunity.  These two assignments of error will be addressed together.

{¶ 7}   The record reveals that in his complaint appellant chose to specifically sue Superintendent Harris in her official capacity only.  Appellant's brief on appeal confirms this, and the trial court decision is based on this specification.  During the pendency of the case, Superintendent Harris left her position and was replaced by the current superintendent of Columbus City Schools, James Daniel Goode, who is hereby substituted as a proper party by operation of law pursuant to Civ.R. 25(D) and App.R. 29(C).  We therefore refer in the discussion below to the defendant-appellee in this case generally as "the superintendent."

{¶ 8}   The trial court granted judgment on the pleadings in favor of the superintendent.  Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Civ.R. 12(C) motions are specifically for resolving questions of law."  *State ex rel.*

*Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). Appellate review of motions for judgment on the pleadings is de novo, without deference to the trial court's determination. *Fontbank, Inc. v. CompuServe, Inc.*, 138 Ohio App.3d 801, 807 (10th Dist.2000). Thus, we are restricted, as was the trial court, to the allegations in the pleadings, as well as material incorporated by reference or attached as exhibits to those pleadings, in determining the motion for judgment on the pleadings. *Curtis v. Ohio Adult Parole Auth.*, 10th Dist. No. 04AP-1214, 2006-Ohio-15, ¶ 24. When addressing a Civ.R. 12(C) motion, the court "is required to construe as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party." *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001). The court will grant judgment on the pleadings only when the material facts are undisputed and the pleadings demonstrate that the movant is entitled to judgment as a matter of law. *Midwest Pride* at 570.

{¶ 9} We examine the legal merits of appellant's complaint in light of the above standard. Insofar as this appeal is concerned, the complaint attempts to sue a government employee in her official capacity only. Claims for damages against officers of employees of a political subdivision acting in their official capacity are the equivalent of a claim against the political subdivision itself, and are governed by R.C. 2744.02(A) and (B). *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, ¶ 22.

{¶ 10} Under R.C. 2744.02(A)(1), a political subdivision cannot be held liable for damages in a civil action for injury or loss, unless the conduct that caused the injury or loss is of a type specifically enumerated in R.C. 2744.02(B). *Repasky v. Upper Arlington*, 10th Dist. No. 12AP-752, 2013-Ohio-2516, ¶ 9. Asserted defenses of political subdivision immunity, therefore, involve a three-tiered analysis pursuant to the statute and *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319. The first step is an acknowledgment that political subdivisions are immune pursuant to R.C. 2744.02(A) from civil liability incurred in performing either a governmental function or proprietary function. The second step of analysis moves to a consideration of whether any of the specific exceptions set forth in R.C. 2744.02(B)(1) through (5) apply. These concern operation of motor vehicles, exercise of proprietary functions, failure to keep public roads and thoroughfares in repair, physical defects in public buildings, or specific liability imposed by statute in

derogation of the general immunity granted by R.C. 2744.02. The third step in the analysis, which we do not reach in the present case, is to establish whether any of the specific defenses set forth in R.C. 2744.03(A) will apply to defeat any of the exceptions to general immunity. *Colbert* at ¶ 7-9.

{¶ 11} If appellant had sued the superintendent in her personal capacity, we would consider whether the superintendent was personally liable under a different standard. Under this we would examine whether the superintendent's actions were done with malicious purpose, in bad faith, or in a wanton or reckless manner. R.C. 2744.03(A)(6)(b); *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, ¶ 23. Appellant has chosen not to sue the superintendent in her personal capacity, however, and we are confined to the three-tier standard set forth in *Colbert*.

{¶ 12} None of the exceptions to immunity set forth in R.C. 2744.02(B) apply in this case. Most importantly, the exception for the exercise of proprietary functions does not apply. The provision of public education is specifically identified as a governmental, rather then a proprietary, function pursuant to R.C. 2744.01(C)(2)(c); *Hopkins v. Columbus Bd. of Edn.*, 10th Dist. No. 07AP-700, 2008-Ohio-1515, ¶ 17. This extends to most school activities and administrative functions of the educational process, even if not directly comprising part of the classroom teaching process. *See generally*, *DeMartino v. Poland Local School Dist.*, 7th Dist. No. 10 MA 19, 2011-Ohio-1466, ¶ 29; *Taylor v. Boardman Twp. Local School Dist. Bd. of Edn.*, 7th Dist. No. 08 MA 209, 2009-Ohio-6528, ¶ 3; *Doe v. Massillon City School Dist.*, 5th Dist. No. 2006CA00227, 2007-Ohio-2801, ¶ 18; *Bush v. Beggrow*, 10th Dist. No. 03AP-1238, 2005-Ohio-2426, ¶ 37; *Coleman v. Cleveland School Dist. Bd. of Edn.*, 8th Dist. No. 84274, 2004-Ohio-5854, ¶ 56.

{¶ 13} In accordance with the above standard governing immunity, appellant's complaint simply and directly pleads a claim for which the defendant superintendent in her official capacity was immune. The complaint sets forth no statutorily-created exception to the general immunity for governmental functions. The Franklin County Court of Common Pleas did not err in granting judgment on the pleadings in favor of the superintendent. Appellant's first and second assignments of error are overruled.

{¶ 14} Appellant's third assignment of error asserts that the trial court erred in concluding that R.C. 3301.0714, which governs school data reporting to the state board,

does not grant a private right of action for parents or students to assert claims against a school district for failure to comply with the statute. This concerns appellant's request for declaratory judgment and injunction.

{¶ 15} Courts will not infer that a statute grants a private right of action unless the language of the statute indicates a clear intent that the legislature intended such a remedy. *Fawcett v. G.C. Murphy & Co.*, 46 Ohio St.2d 245 (1976); recognized as superseded by amendment to statute at issue, *Kohmescher v. Kroger Co.*, 61 Ohio St.3d 501, 505, fn. 2 (1991); *Wurdlow v. Turvy*, 10th Dist. No. 12AP-25, 2012-Ohio-4378.

{¶ 16} R.C. 3301.0714 provides guidelines for a state-wide education management or data-gathering system. R.C. 3301.0714(L) requires the Ohio Department of Education to implement a series of corrective remedies for violation by local school districts of the reporting statute. As the trial court noted, R.C. 3301.0714 sets forth in detail the duties of Ohio school districts to report student attendance and grades, and the response of the Ohio Department of Education when the school districts fail to comply with those duties. The statute leaves no room to infer a private right of action. Appellant's third assignment of error is overruled.

{¶ 17} In accordance with the foregoing, the judgment of the Franklin County Court of Common Pleas granting judgment on the pleadings in favor of appellee, the superintendent of Columbus City Schools, is affirmed.

*Judgment affirmed.*

CONNOR and DORRIAN, JJ., concur.

————————————